**Vinny OLIVA, Plaintiff–Appellant,**

v.

**U.S. DEPARTMENT OF JUSTICE; Federal Bureau of Investigation, Defendants–Appellees.**

No. 1058, Docket 92–6262.

United States Court of Appeals, Second Circuit.

Argued April 2, 1993.

Decided June 30, 1993.

Vinny Oliva, pro se.

Claire Kedeshian, Asst. U.S. Atty., E.D. New York (Mary Jo White, U.S. Atty., E.D. New York, Robert L. Begleiter, Deborah B. Zwany, and Varuni Nelson, Asst. U.S. Attys., of counsel), for defendants-appellees.

Before: OAKES, PIERCE, and PRATT, Circuit Judges.

PER CURIAM:

In this action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *pro se* plaintiff-appellant Vinny Oliva seeks the release of all Federal Bureau of Investigation documents relating to the murder of Karen Schoendorf. The FBI denied Oliva's request on the ground that the information contained in the documents was compiled for law enforcement purposes and was exempt from disclosure under 5 U.S.C. §§ 552(b)(7)(C) and (D). The documents withheld relate to laboratory tests done by the FBI at the request of the Suffolk County Police Department to determine whether

traces of gunpowder were found on the hands of Karen Schoendorf's husband.

On the parties' cross motions for summary judgment, Magistrate Judge David Jordan issued a report and recommendation dated July 31, 1992, to grant defendants' motion for summary judgment and denying Oliva's motion. Relying on second circuit law, including *Keeney v. FBI*, 630 F.2d 114 (2d Cir. 1980) and *Ferguson v. FBI*, 957 F.2d 1059 (2d Cir.1992), Magistrate Judge Jordan concluded that all of the records and information in the FBI file were exempt under 5 U.S.C. § 552(b)(7)(D) because they were compiled for law enforcement purposes and contain the identity of and information provided by a confidential source. Subsection (7)(D) provides in relevant part that FOIA disclosure is not required for:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information * * * (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency * * *.

5 U.S.C. § 552(b)(7)(D).

After reviewing *in camera* the documents withheld, the district court noted that all of the documents in the FBI file relate to the laboratory report. It then adopted the findings and conclusions in the report and recommendation, and granted defendants' motion for summary judgment. Oliva appealed.

Because Oliva contends, among other things, that the FBI file may have contained more than just the laboratory report, we have reviewed the file *in camera,* and note that it contains only the laboratory report and analysis, together with the related forwarding forms.

The issue on appeal is whether these documents should be released. Since they were generated for law enforcement purposes, they could be withheld only to the extent that disclosure might reveal a confidential source. On May 24, 1993, the Supreme Court decided *U.S. Department of Justice v. Landano,* —— U.S. ——, 113 S.Ct. 2014, 124 L.Ed.2d 84. *Landano* is concerned with the evidentiary

showing that the government must make to establish that a source is "confidential" within the meaning of exemption 7(D). The Court held (1) that the government is not entitled to a presumption that all sources supplying information to the FBI in the course of a criminal investigation are confidential sources within the meaning of exemption 7(D), and (2) that "[u]nder Exemption 7(D), the question is not whether the requested *document* is of a type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential." This unanimous decision rejects the approach of administrative practicality that the cases in this circuit, relied on by the district court, heretofore have followed. *Landano* seems to require a more particularized analysis to determine whether or not documents should be exempt under 7(D). We therefore remand this case to the district court for further consideration in light of *Landano*.